# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA RODRIGUEZ,<br><br>                            Plaintiff,<br>vs.<br><br>ROADONE WEST, INC.,<br>                           Defendant. | CASE NO. 13-CV-1334 JLS (JMA)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Angelica Rodriguez's ("Plaintiff") motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) Plaintiff, a non-prisoner proceeding pro se, has submitted a complaint alleging that Defendant Roadone West, Inc. ("Defendant") has wrongfully detained Plaintiff's property and seeking a Writ for Replevin and $5,000 in compensatory damages. (Compl. 2–3, ECF No. 1.) Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a), but rather has filed a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, this Court **DENIES** Plaintiff's motion to proceed IFP and **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted.

**1.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a petitioner's failure

1  to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to
2  28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A
3  plaintiff seeking IFP status must "demonstrate his indigence with 'some particularity,
4  definiteness, and certainty.'" *Lewis v. Ball Auto. Grp.*, No. 10CV2297 BEN (WVG),
5  2010 WL 5056023, at *1 (S.D. Cal. Dec. 6, 2010) (quoting *United States v. McQuade*,
6  647 F.2d 938, 940 (9th Cir. 1981) (per curiam)).

7       Plaintiff's motion to proceed IFP lacks sufficient specificity to establish her
8  indigence.  Plaintiff states that she relies on her spouse's income for her day-to-day
9  expenses. (IFP Mot. 3, ECF No. 2.)  Plaintiff, however, fails to disclose the amount of
10 income received from her spouse. (*Id.*)  Additionally, Plaintiff lists two automobiles,
11 a 2003 Cadillac CTS and a 1999 Nissan Sentra GXE, as other assets, but she fails to
12 state the value of the Cadillac.[1] (*Id.*)  Accordingly, because Plaintiff's application does
13 not give an adequate statement of her finances or expenses, the Court **DENIES**
14 Plaintiff's request for IFP status.

15 **2.    Failure to State a Claim Upon Which Relief May Be Granted**

16      Notwithstanding payment of any filing fee or portion thereof, a complaint filed
17 by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory
18 *sua sponte* review and dismissal by the court to the extent that the petition is "frivolous,
19 malicious, failing to state a claim upon which relief may be granted, or seeking
20 monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);
21 *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §
22 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
23 Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court
24 to dismiss an IFP complaint that fails to state a claim."); *see also Barren v. Harrington*,
25 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii)
26 parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  Courts should
27 construe the pleadings of pro se litigants liberally, particularly in civil rights cases. *Am.*

28

---

[1] The value of the 1999 Nissan, $2,400, is alleged in the complaint. (Compl. 2, ECF No. 1.)

*Mfrs. Mut. Ins. Co.,* 526 U.S. at 1209 (citations omitted).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to show that (1) a person acting "under color of state law" committed the conduct in question, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or other federal law. *See Davis v. Powell*, 901 F. Supp. 2d 1196, 1210 (S.D. Cal. 2012) (citing 42 U.S.C. § 1983; Shah v. Cnty. of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986)). "Under color of state law" means that the conduct cannot be "merely private . . ., no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Rather, the defendant must exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (*West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted) (citations omitted).

Plaintiff's complaint fails to allege sufficient facts to state a cause of action under § 1983. While Plaintiff satisfies the second element of a § 1983 claim by alleging that she was deprived of possession of her 1999 Nissan Sentra GXE (Compl. 2, ECF No. 1) and by providing a copy of her certificate of title for the chattel in question (*Id.* at Ex. A), she fails to allege facts tending to establish that Defendant acted "under color of state law." While Plaintiff claims that she was "under false arrest" when Defendant took her property (*Id.* at 2) and that Defendant has been holding her property for "ransom" (*Id.* at 3), she fails to establish that Defendant is a proper party for a § 1983 action because she does not allege that Defendant took her property under purported state authority. Accordingly, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion to proceed IFP. Moreover, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** forty-five (45) days from the date of this Order to either: (1) pay the entire $350 filing fee, or (2) file a new motion to proceed IFP with additional documentation regarding her economic status.

**IT IS SO ORDERED**.

DATED: September 20, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge